Stana Absher and Emil Absher, Appellees, v. Carnation Milk Products Company, Appellant.

Gen. No. 8,214.

Heard in this court at the May term, 1930. Opinion filed August 27, 1930. Rehearing denied October 15, 1930.

MAMMENGA & KERR, for appellant.

H. A. BROOKS and EDWARD A. JONES, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

The record shows that on September 6, 1928, a man by the name of Thomas Harvey obtained a judgment against Stana Absher and Emil Absher, appellees, for $139.43, before a police magistrate of Ogle county. On the same day an affidavit was filed and an execution was immediately issued and returned by the officer to whom it was delivered "No property found."

The record discloses that on the same day on which the judgment was obtained before the police magistrate for said sum of $139.43, and on which execution was issued, Harvey filed an affidavit with the said police magistrate by virtue of which a garnishment sum-

mons was issued against Carnation Milk Products Company, appellant.

It is further shown that on September 11, 1928, judgment was rendered against the appellant as garnishee for $129.64. The record further discloses that on September 13, 1928, Stana Absher and Emil Absher, appellees, prayed for and perfected an appeal from the judgment rendered against them by the police magistrate on the 6th day of September, 1928, to the circuit court of Ogle county, and that on a trial in the circuit court on the 2nd day of May, 1929, judgment was rendered in favor of Stana Absher and Emil Absher, appellees, against the said Thomas Harvey in the sum of $61.58. It is further stipulated that on October 12, 1928, while the appeal prosecuted by appellees was pending in the circuit court of Ogle county, the appellant paid the police magistrate on the judgment secured in the garnishment proceeding $129.64. Appellees brought suit against the Carnation Milk Products Company, appellant, for $129.64, the amount they claimed appellant owed to them, before one John B. Swift, a police magistrate of the City of Polo, Illinois, from whom a change of venue was taken to one Robert M. Brand, a justice of the peace, before whom a judgment was obtained against the appellant for said sum of $129.64. Appellant appealed to the circuit court of Ogle county where, on a hearing, judgment was rendered against appellant for $129.64. To reverse said judgment this appeal is prosecuted.

The question presented on this record is as to whether appellant as garnishee by paying said judgment in garnishment while an appeal was pending in the circuit court on the suit brought by Harvey against Stana Absher and Emil Absher, appellees, did so at its peril.

Cahill's St. ch. 79, ¶ 116; section 116, chapter 79, Smith-Hurd's Statute, in relation to appeals from a justice of the peace, among other things provides:—

"When the bond is filed with the justice . . . he shall suspend all proceedings in the case and if execution shall have been issued he shall recall the same."

Cahill's St. ch. 79, ¶ 120; section 120 of said chapter 79, Smith-Hurd's Statute, reads as follows:—"No execution shall be issued by a justice of the peace in any civil action until after the expiration of twenty days from the date of the judgment on which such execution is to be issued, unless the party applying for the same, his agent or attorney, shall make oath that he believes that the debt will be lost unless execution be issued forthwith. If such oath be made, then the execution shall be issued immediately and levied. But no sale of any property under such execution shall take place within twenty days from the date of the judgment, nor shall the issuing of such execution deprive either party of the right to appeal."

The appeal was perfected by appellees to the circuit court within 20 days from the date of the judgment. In view of the provisions of the statute allowing 20 days in which to appeal, the appellant in paying said judgment rendered against it as garnishee without making an investigation as to whether or not an appeal had been prosecuted, did so at its risk.

In appealing, appellees complied with a positive provision of the statute and when they did so they were under no obligations to notify appellant that they had perfected an appeal.

The case of Harvey against appellees had been removed to the circuit court by appeal for almost a month before appellant paid the judgment rendered against it in the garnishment proceeding.

No steps had been taken to enforce the judgment in garnishment, but it was voluntarily paid by appellant. We conclude, therefore, that the judgment in the circuit court should be affirmed which is accordingly done.

*Judgment affirmed.*